The Law Offices of
## DAVID CLIFFORD HOLLAND
A Professional Corporation
Member of New York, New Jersey, and Maryland Bars

September 11, 2017

BY ECF and BY HAND:

The Hon. William H. Pauley, III
US District Court Judge - SDNY
500 Pearl Street
New York, New York 10007

Re:  Michael Grecco Productions, Inc. et. al. v. NewYorkSocialDiary.Com, LLC
     Index #17-CV-02933 (WHP)
     Request To File Pre-Answer Motion

Judge Pauley:

I am *pro bono* Counsel representing all defendants in this action. After meet and confer discussions with Plaintiffs' Counsel in this matter, I write to you requesting to file a pre-answer motion to dismiss the Amended Complaint. For the reasons stated below, resolution of the pre-answer motion will determine if this case is ripe and if so, whether the Court otherwise has subject matter jurisdiction to resolve the case. Determination of the motion at this time will promote judicial economy and narrow discovery and other issues.

By way of background, Plaintiffs initiated this proceeding by filing the original Complaint (Docket Entry #1) on April 21, 2017 naming defendants, David Patrick Columbia and Jeffrey Hirsch, individually, and doing business as New York Social Diary.  Service of the Complaint was not effected until July, and defendants interposed an Answer (Docket Entry #15) with Affirmative Defenses as follows:

| | |
|---|---|
| First - | Failure to state a cause of action; |
| Second - | Lack of capacity to sue - the image has been exclusively licensed to Getty Images and Plaintiffs may not be the proper party in interest to bring this action; |
| Third - | Failure to name a necessary party, namely, NewYorkSocial.com,LLC |
| Fourth - | Lack of Personal Jurisdiction - improper service of process |
| Fifth - | Lack of Subject Matter Jurisdiction - lack of valid copyright registration - the 1980's photo by Plaintiffs to Getty Images in 2008 was part of a group licensing arrangement.  Getty did not initially register it with the Copyright Office in 2008 along with the rest of the group within which the subject photo was transferred to them, precludes and invalidates the subsequent 2010 registration of the subject photo with the Copyright Office based |

-Letter To Judge Pauley, cont'd-

        upon *Palmer/Kane LLC v. Rosen Book Works, 188 F.Supp.3d 347 (S.D.N.Y., 2016)(Rakoff, J.).*

Sixth -  Lack of Subject Matter Jurisdiction - According to the statute,"PRO IP ACT" *(17 U.S.C. §411(b)(2))*, the Court must first seek clarification from the Copyright Office for an official declaration as to whether it would have permitted the 2010 group registration that contained the subject photo had the Office known that such photo was previously published to Getty Images in a group transfer in 2008 without any prior statutory copyright registration or protection. Publication which may invalidate the 2010 group registration includes "the distribution of copies ... of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending," or "[t]he offering to distribute copies ... to a group of persons for purposes of further distribution, public performance, or public display." *17 U.S.C. § 101; Palmer/Kane LLC v. Rosen Book Works, 188 F.Supp.3d at 349 fn. 2.*

Seventh -  Lack of Subject Matter Jurisdiction because the invalidity of the Copyright Registration leaves the amount in controversy less than $75,000.00.

Eighth -  Claims barred by estoppel

Ninth -  Claims are barred by laches

Ten -  Plaintiffs' copyright was forfeited when it permitted the subject photo to circulate around the internet for years without prosecuting their copyright.

 Plaintiffs thereafter filed the instant Amended Complaint which naming NewYorkSocialDiary.com, L.L.C. as an additional defendant. (Docket Entry #19). Plaintiffs have voluntarily agreed to waive service of the Amended Complaint.

 While an answer was initially interposed, resolution of a Pre-Answer motion to dismiss prior to interposing an Amended Answer would dispose of, clarify, and/or narrow the issues including, but not limited to:

 (A) capacity to sue and the proper party in interest;

 (B) subject matter jurisdiction, ripeness and the requirement under the Copyright statute to first obtain a determination from the Copyright Office about the validity of the group registration;

 (C) subject matter jurisdiction and whether diversity exists based on the amount in controversy if there is no valid copyright registration; and

 (D) whether individual liability may be sought against defendants Columbia and Hirsch when no sufficient "alter ego" claim has been stated that legally permits piercing the veil of

-Letter to Judge Pauley, cont'd-

NewYorkSocialDiary.com, LLC to hold them personally liable for any liability attributed to the business entity.

     Respectfully, resolution of these issues at this time will promote judicial economy, frame any surviving issues and claims in the action, and help determine what defenses and counter-claims that Defendants may interpose in the later filed Amended Answer.

Very truly yours,

/s/
David C. Holland, Esq.