**Higbee & Associates**                                                                 A NATIONAL LAW FIRM

September 13, 2017

<u>VIA CM/ECF</u>

Hon. William H. Pauley, III
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007


   Re: <u>*Michael Grecco Productions, Inc. v. David P. Columbia, et al.*</u>
      <u>*(Case 1:17-CV-02933-WHP)*</u>

Dear Hon. Judge Pauley,

  I am attorney of record for Plaintiff Michael Grecco Production ("Plaitniff") in above referenced action. This letter is drafted in opposition of and/or to clarify the issues raised by Defendants David Patrick Columbia, Jeffrey Hirsch, and NewYorkSocialDiary.com, LLC (Collectively "Defendants") in their Letter Request To File Pre-Answer Motion, Docket #29 ("Letter").

**A) <u>Whether Plaintiff has "capacity" to bring this action:</u>**
  Defendants allege that Plaintiff does not have "capacity" and is not "the proper party in interest" to bring this action because Plaintiff has exclusively licensed the Images in question to Getty Images.

  Although Plaintiff has licensed the Image in question to Getty Images, Plaintiff still remains the owner of the copyrights in the Image. There is a distinction between licensing and assignment of rights, and it seems that Defendant is commingling the two concepts. The main difference between the two is that in a license, the person or entity granting permission (in this case Plaintiff, Michael Grecco Production) retains an interest in the property being licensed, whereas in an assignment the assignor transfers his rights in the property being assigned.

  In this case, Plaintiff never assigned its copyrights to Getty Images, but rather, granted a license permitting Getty Images to use the Image in question. Plaintiff remains the rightful owner of the copyrights in the Image, including but not limited to the right to bring an action against infringers of its copyrights. Therefore, Plaintiff is the owner of the copyrights in the Image and may enforce those copyrights in federal courts by commencing a lawsuit.

**Higbee & Associates**                                                                                                    A NATIONAL LAW FIRM

**B) Whether it is required "to first obtain a determination form the Copyright Office about the validity of the group registration:"**

Defendants allege that this Court does not have subject matter jurisdiction and/or the case is not ripe because it is required "under the Copyright statute to first obtain a determination form the Copyright Office about the validity of the group registration."

Contrary to Defendants' allegation, there is no such requirement set forth in the Copyright Act to establish either ripeness or subject matter jurisdiction.

*In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.* 17 U.S.C. § 411(b) (2).

"Paragraph (1), which § 411(b)(2) incorporates for purposes of identifying the kind of inaccurate information that triggers this procedure, concerns inaccurate information that 'was included on the application for copyright registration with knowledge that it was inaccurate,' § 411(b)(1)(A), and, which, if known to the Copyright Office, "would have caused the Register of Copyrights to refuse registration," § 411(b)(1)(B); *Palmer/Kane LLC v. Rosen Book Works*, 188 F.Supp.3d 347 (S.D.N.Y., 2016).

Courts have recognized that referral procedure of "§ 411(b)(2) creates a serious potential for abuse by introducing a mechanism by which infringers can throw up roadblocks to merited infringement lawsuits, simply by 'alleging' technical violations of the underlying copyright registrations." *Id,; see also Olem Shoe Corp. v. Wash. Shoe Co.,* 2010 WL 3505100, at *2(S.D.Fla. Sept. 3, 2010). Accordingly, "courts are not required to seek immediate input from the Copyright Office after a party alleges the inclusion of knowingly inaccurate information in a copyright application. Supra, *Palmer/Kane* at 348; see also <u>DeliverMed Holdings, LLC v. Schaltenbrand,</u> 734 F.3d 616, 623 (7th Cir.2013). "In other words, before making a referral to the Copyright Office under § 411(b)(2), a district court may require a litigant to 'demonstrate that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office.'" Supra, *Palmer/Kane* at 349. In addition, "nothing in § 411(b)(2) prevents courts from imposing a deadline by which the Copyright Office must provide its response to the Court's request." *Id*. "Nor does § 411(b) (2) require courts to stay proceedings while a court's request for an advisory opinion is pending." *Id*. "Absent unusual circumstances, discovery can continue apace." *Id.*

In present case, Defendants have neither demonstrated that Plaintiff's registration application include inaccurate information nor that Plaintiff knowingly made such inaccurate information in its submission to the Copyright Office.

Furthermore, invalidity of Plaintiff's copyright registration, even if proven, does not defeat Federal courts' subject matter jurisdiction to hear copyright infringement cases. Supreme Court in *Reed Elsevier* held that "Section 411(a)'s registration requirement is a

precondition to filing a claim that does not restrict a federal court's subject matter jurisdiction." *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154 (March 2, 2010). Given that Plaintiff has registered the Image in question with the Copyright Office and it has a valid copyright certification, Plaintiff has met the prerequisite to bring this action. As such, Defendants' allegation, challenging validity of Plaintiff's copyright, does not defeat this Court's subject matter jurisdiction over this dispute.

**C) "Subject matter jurisdiction and whether diversity exists based on the amount in controversy if there is no valid copyright registration:"**
In regards to this issue alleged by Defendants, Plaintiff's position is that neither copyright registration nor diversity jurisdiction is required to establish that this Court has subject matter jurisdiction to hear this case.

As discussed above, issues alleged by Defendants in regards to copyright registration certificate do not defeat federal court's subject matter jurisdiction to hear copyright infringement cases. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154 (March 2, 2010). Moreover, Federal courts have exclusive jurisdiction to hear copyright claims, so this Court does not need to waste time and resources in determining whether parties are diverse or whether the amount in controversy exceeds $75,000.

**D) "Whether individual liability may be sought against defendants Columbia And Hirsch when no sufficient 'alter ego' claim has been stated that legally permits piercing the veil of NewYorkSocialDiary.com, LLC to hold them personally liable for any liability attributed to the business entity:"**
Defendants' allegation in regards to the corporate veil is premature and may not be a ground for dismissal of this dispute. This issue is more proper to be raised in discovery stage of this litigation.

**In conclusion,** this Court has subject matter jurisdiction over this dispute and Plaintiff is the rightful party in interest to bring this action. In regards to the issue of whether Plaintiff is able to pierce NewYorkSocialDiary.com, LLC's veil, Plaintiff reserves the right to clear the issue in the discovery proceeding.

Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh Ngo
*Counsel for Plaintiff*
*Michael Grecco Productions, Inc.*

cc (by email): David C. Holland, Esq.